**Benny Lee CAMPBELL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–06–00041–CR.**

Court of Appeals of Texas,
Eastland.

Jan. 25, 2007.

Discretionary Review Granted
May 2, 2007.

Stan Brown, Abilene, for appellant.

James Eidson, District Attorney, Patricia Dyer, Assistant, Crim. Dist. Atty's Office, Abilene, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Benny Lee Campbell was convicted of possession of cocaine and was sentenced to thirty-five years confinement. The trial court's judgment reflects that Campbell was convicted of possession of cocaine in a drug-free zone, a third degree felony, which was enhanced with two prior felony convictions. Campbell contends that his sentence is illegal because the trial court's oral pronouncement found him guilty of only state jail felony possession—which, with enhancements, would authorize a maximum sentence of only twenty years. We modify the judgment, affirm the conviction, and remand for resentencing.

## I. *Background Facts*

Campbell was charged by indictment with possession of more than one gram, but less than four grams, of cocaine within one thousand feet from the Woodson Early Childhood Center. The State also alleged two prior felony convictions for enhancement. Campbell pleaded not guilty and waived a jury trial. At the conclusion of the State's case, the prosecution stated:

> Judge, the State would rest and noting for the Court that the State is proceeding on the lesser included offense of state jail possession of controlled substance in a drug-free zone.

After both sides closed, the trial court found Campbell guilty and stated:

> It is not and has not been disputed that the substance that was in the pill bottle is a controlled substance. The amount of the controlled substance is not and has not been disputed. So the only question which I'm down to is possession of that controlled substance. The Court does note that the amount of controlled substance that was testified to would be a state jail felony if, in fact, it was in the possession of the Defendant.
>
> . . . .
>
> And given that I believe such testimony, I find the evidence sufficient to find the Defendant guilty beyond a reasonable doubt of a state jail felony of possession of cocaine in an amount of less than one gram, and that is the finding of the Court.

The trial court then ordered a presentence investigation and set a sentencing hearing.

At the beginning of the sentencing hearing, the trial court admonished Campbell that he had been found guilty of the state jail felony of possession of cocaine in a drug-free zone. Neither side objected to this statement. The presentencing report stated that the range of punishment was fifteen to ninety-nine years. The trial court discussed this with counsel, and both sides agreed that the correct punishment range was actually twenty-five to ninety-nine years. The trial court then specifically verified that Campbell himself understood that the punishment range was twenty-five to ninety-nine years. Campbell pleaded true to the enhancement paragraphs, and the trial court assessed his punishment at thirty-five years confinement. Several days later, the trial court signed a written judgment that stated that Campbell had been convicted of "[p]ossession of [c]ocaine in a[d]rug [f]ree [z]one ... [t]hird [d]egree [e]nhanced with two prior offenses."

## II. *Issues*

Campbell challenges his sentence with a single issue contending that the judgment should be reformed to reflect that he was found guilty of possession of cocaine rather than possession of cocaine in a drug-free zone. He also asks this court to remand the case to the trial court for reassessment of punishment within the second degree felony range.

## III. *Analysis*

Possession of less than one gram of cocaine is ordinarily a state jail felony.[1] However, if the possession is in a drug-free zone, the potential consequences become more severe. A state jail felony possession of cocaine becomes a third degree felony if committed within one thousand feet of any real property owned, rented, or leased to a school or school board.[2]

---

1. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003).

2. TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)(1) (Vernon Supp.2006).

A third degree felony enhanced with two prior felony convictions is punishable by confinement for life or for any term of not less than twenty-five years nor more than ninety-nine years. Tex. Pen.Code Ann. § 12.42(d) (Vernon 2006). A state jail felony punishable under Tex. Pen.Code Ann. § 12.35(a) (Vernon 2003), enhanced with two prior felony convictions, is punishable by confinement for two to twenty years. Section 12.42(a)(2). But if it is punishable other than under Section 12.35(a), then a state jail felony conviction enhanced with two prior felony convictions authorizes confinement for life or for any term of not less than twenty-five years nor more than ninety-nine years. Section 12.42(d).

The trial court's initial oral statement finding Campbell guilty, if taken alone, would not authorize a thirty-five year sentence because it made no reference to possession in a drug-free zone and it found Campbell guilty of only a state jail felony. The trial court's statements at the beginning of the sentencing hearing, if taken alone, lead to a mixed result. The trial court included a reference to the drug-free zone element and clearly advised Campbell that he faced twenty-five to ninety-nine years confinement, but the trial court referred to Campbell's conviction as one for a state jail felony. Finally, the trial court's written judgment, if taken alone, would authorize a thirty-five year sentence because the trial court specifically found that Campbell was guilty of third degree felony possession of cocaine in a drug-free zone, enhanced by two prior felony convictions.

The question becomes: which is controlling? Understandably, Campbell contends that the written judgment should be modified to reflect the trial court's original oral statement pronouncing him guilty of simple state jail felony possession, while the State argues that the trial court's written judgment is controlling. We differ with both and conclude that the trial court's statements during the sentencing hearing constitute the rendition of sentence and that the written judgment must be modified to reflect that rendition.

█ The trial court was not limited to the exact verbiage of its initial statement finding Campbell guilty. Because Campbell waived a jury and was tried before the court, it was a unitary trial. *Saldana v. State,* 150 S.W.3d 486, 489 (Tex.App.-Austin 2004, no pet.). Even though the trial court employed procedures characteristic of bifurcation, it remained a unitary trial punctuated by a recess in its middle. *Id.* The issues of guilt and punishment cannot be separated in a unitary trial. *Lopez v. State,* 96 S.W.3d 406, 412 (Tex.App.-Austin 2002, pet. ref'd). Consequently, the trial court retained the authority to correct its original statement by including the drug-free zone finding.

That correction was permissible under the facts of this case. Campbell was indicted for possession in a drug-free zone, and the evidence clearly established that he was less than one thousand feet from the Abilene Independent School District's Woodson Early Childhood Center. Campbell's defense did not dispute the drug-free zone allegation but focused on the possession element. Campbell testified on his own behalf and admitted that he was at the residence and that there were drugs present. But, he testified that he had just arrived before the police officers and that the drugs were not his. Between the trial court's original pronouncement of guilt and the start of the sentencing hearing, Campbell did not waive any rights, enter into any plea agreement, or otherwise act in detrimental reliance on the trial court's statement. Therefore, the trial court's reference at the beginning of the sentencing hearing to possession in a drug-free zone

did not deprive Campbell of notice, offend traditional due process concerns, or otherwise implicate any constitutional concern.

■ This does not, however, resolve the conflict between the trial court's oral statement at the sentencing hearing finding Campbell guilty of a state jail felony and the execution of a written judgment finding him guilty of a third degree felony. Except in misdemeanor cases, the defendant's sentence must be pronounced in his presence.[3] The written judgment is merely the embodiment of the trial court's oral pronouncement. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex.Crim.App.2004).

■ The general rule is that, when there is a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App.2003). The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and are able to hear and respond to the imposition of sentence. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim.App.2002).

The defendant's due process rights are also implicated. The Texas Court of Criminal Appeals has recognized that a defendant has a legitimate expectation that the sentence he heard orally pronounced in the courtroom is the same sentence that he will be required to serve. *Id.* at 136. For example, in *Madding*, the trial court sentenced the defendant to seventeen years and announced that this sentence would run concurrently with the sentence from another conviction. Subsequently, however, the trial court signed a judgment that stacked the two sentences. The Court of Criminal Appeals held that this was improper because the trial court lacked the

statutory authority or discretion to orally pronounce one sentence in front of the defendant but enter a different sentence in the written judgment outside the defendant's presence. *Id.* In *Taylor*, 131 S.W.3d at 500, the court held that a fine could not be included in the judgment when it was not pronounced at sentencing. In *Campos v. State*, 927 S.W.2d 232, 237 (Tex.App.-Waco 1996, no pet.), the court held that a deadly weapon finding could not be included in the judgment after the trial court specifically stated at the sentencing hearing that there would be no deadly weapon finding.

Unlike these cases, Campbell's written judgment did not alter the length of his incarceration, impose an additional fine, or change when he would be eligible for parole. Nor was Campbell deprived of the ability to respond to the court's sentence at the sentencing hearing. Campbell's contention that he was convicted of a state jail felony and, therefore, could not be sentenced for more than twenty years could have been raised at the beginning of the sentencing hearing when the court and attorneys discussed the possible range of punishment, when the trial court admonished Campbell that he faced between twenty-five to ninety-nine years incarceration, or when the trial court announced that it was sentencing Campbell to thirty-five years in prison. Campbell did not do so, but we find that the lack of an objection does not waive error and that the lack of discrepancy between the length of the sentence orally pronounced and the sentence recorded in the judgment does not end our analysis.

■ The State argues that Campbell waived his right to contest the sentence by not objecting at trial. The State acknowledges that a void or illegal sentence can be

3. Tex.Code Crim. Proc. Ann. art. 42.03 (Vernon 2006).

challenged for the first time on appeal or even corrected by any court with jurisdiction upon its own motion. *See Mizell v. State,* 119 S.W.3d 804, 806 n. 6 (Tex.Crim. App.2003). A void or illegal sentence is one where the punishment is unauthorized. *See Ex parte Pena,* 71 S.W.3d 336, 336 n. 2 (Tex.Crim.App.2002) (a fine that exceeds the maximum allowed fine would be a void or illegal sentence).

The Texas Court of Criminal Appeals recently found that a defendant could raise a claim by writ of habeas corpus that his sentence was void because of improper enhancement—even though he pleaded true to the enhancement paragraphs and did not raise the issue on direct appeal. *See Ex parte Rich,* 194 S.W.3d 508, 511 (Tex.Crim.App.2006). Campbell contends that he was convicted of only a state jail felony. If this is correct, his sentence would be void or illegal because the maximum permitted sentence for a state jail felony enhanced with two prior felony convictions is only twenty years. Consequently, we find his claim is not procedurally barred.

■ The State next argues that Campbell's conduct constitutes a violation of Tex. Health & Safety Code Ann. § 481.134(d)(1) (Vernon Supp.2006) and that, even though the trial court referred to it as a state jail felony, the statute makes it a third degree felony. Because Campbell's sentence was within the allowed range for a third degree felony enhanced with two prior felony convictions, the State contends that his sentence is not illegal or void. The State's position fails to distinguish between what could have happened and what actually occurred.

We are unaware of any case where the trial court mistakenly described the level of offense, but we believe the decision in *Thompson* is instructive. There, the jury convicted the defendant of one count of

sexual assault of a child and one count of indecency with a child. The trial court deferred sentencing for the preparation of a PSI. At the sentencing hearing, the trial court orally pronounced a sentence of thirty years on the sexual assault of a child count, but did not pronounce any sentence on the indecency with a child count. No one objected to the omission. In the written judgment, however, the defendant was sentenced to thirty years each on both counts. *Id.* at 289.

The Court of Criminal Appeals held that the trial court's failure to render judgment on the indecency count meant that there was no conviction on that count from which the defendant could appeal. *Id.* at 290. The court relied upon its prior decision in *Jones v. State,* 795 S.W.2d 199, 201 (Tex. Crim.App.1990), to distinguish between the rendition of a sentence and the entry of judgment in a written form. Rendition is an event that a judgment records. *Id.* Because no sentence was rendered, it was improper for the judgment to reflect otherwise.

In this case, the trial court rendered judgment that Campbell was guilty of a state jail felony even though the conduct it found Campbell committed would constitute a third degree felony. The mistake is understandable. Possession of less than one gram of cocaine is ordinarily a state jail felony, but Section 481.134(d)(1) makes it a third degree felony in some instances. The prosecutor referred to the charge as a state jail felony when he rested, and no one objected to the trial court's description of the offense as a state jail felony during the sentencing phase.

The trial court's attention to the case is admirably reflected in the care it demonstrated during its review of the presentence report and in its admonishments to the defendant prior to sentencing. Unfor-

tunately, however, the trial court undeniably rendered judgment that Campbell was guilty of a state jail felony. Because the maximum sentence Campbell could receive for a state jail felony with two prior felony convictions was twenty years, the thirty-five year sentence he received is illegal and void.

Because we find that Campbell's sentence is void, his judgment must be modified to reflect his conviction for a state jail felony. We have previously held that the trial court had the authority under the law and the facts to correct its original oral pronouncement of guilt to reflect that Campbell was guilty of possession of cocaine in a drug-free zone. However, possession within one thousand feet of a school is a third degree felony. To harmonize the judgment with the rendition, we must modify it to reflect that Campbell was convicted of the lesser included simple possession.

## IV. *Holding*

Campbell's issue is sustained. We modify the judgment to reflect that Campbell was convicted of the state jail felony of possession of less than one gram of cocaine, enhanced with two prior felony convictions. As modified, we affirm the conviction but reverse the sentence and remand this case to the trial court for resentencing.

JIM R. WRIGHT, Chief Justice, dissenting.

I would affirm the judgment of the trial court. In TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2003), the legislature made it an offense for a person to knowingly or intentionally possess a controlled substance listed in Penalty Group 1, unless the substance had been obtained from or prescribed by a practitioner acting in the course of professional practice. Cocaine is a Penalty Group 1 offense. The punishment for committing that offense depends upon various factors set forth in the statutes.

The amount of cocaine possessed is one of the factors affecting the length of punishment for possessing it. In TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2003), the legislature provided that an offense under Section 481.115(a) is a state jail felony if the amount possessed is less than one gram. In subsequent subsections of TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003), the penalties for violating Section 481.115(a) increase as the amount possessed increases.

The penalty for violating Section 481.115(a) not only increases as the amount possessed increases but also increases if the substance is possessed within certain distances of statutorily defined "drug-free zones." In TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)(1) (Vernon Supp.2006), the legislature provided that an offense that was otherwise classified under Section 481.115(b) (state jail felony for possession of cocaine under one gram) became a third degree felony if the offense was committed "in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board."

Although a grand jury indicted appellant for possession of cocaine of more than one but less than four grams, a third degree felony, the evidence revealed that the amount was under one gram, a state jail felony. After the close of testimony pertaining to whether appellant was guilty, the trial court said: "The Court does note that the amount of controlled substance that was testified to would be a state jail felony." The trial court further stated: "I find the evidence sufficient to find the Defendant guilty beyond a reasonable doubt of a state jail felony of possession of cocaine in an amount of less than one

gram, and that is the finding of the Court." All of these statements were correct.

The trial to the court continued at a later date. At the beginning of the "sentencing hearing," the trial court said: "Mr. Campbell, the Court found you guilty of the state jail felony of possession of cocaine in a drug-free zone." Because this was a trial to the court, and not bifurcated, the trial court had the authority to add the "drug-free zone" enhancing factor when it did. The decision of the trial court was not fixed until it rendered judgment on guilt and punishment after all the evidence and arguments had been heard. *Barfield v. State,* 63 S.W.3d 446, 451 (Tex.Crim.App. 2001). The offense "otherwise punishable under Section ... 481.115(b)" became a felony of the third degree because the trial court found that appellant committed the offense in a drug-free zone. Section 481.134(d)(1). The amount possessed in this case was a state jail felony amount. It is the place of possession rather than the amount possessed which results in the offense becoming a third degree felony.

At the start of the sentencing hearing, the trial court had found that appellant had committed state jail felony possession of cocaine as provided in Section 481.115(a) and that he had committed the offense in a drug-free zone as provided in Section 481.134(d)(1). Together, those findings result in a third degree felony. The trial court told appellant before it set his punishment that "[t]he Court does note this is a state jail felony that's been enhanced." In explaining why it was going to "deviate toward the lower end of the range of punishment," the trial court said that it was because "it is, in fact, a state jail felony." I think that it is clear that the trial court was referring to the amount possessed and that this was not a finding but, rather, was as the trial court indicated an explanation of why it was setting punishment at the lower end of the range for a third degree felony enhanced by two prior felony convictions. The trial court had already made its findings that appellant possessed less than one gram of cocaine in a drug-free zone. It is clear from the trial court's admonishment regarding punishment that it certainly knew that the state jail possession was enhanced to a third degree felony when it found that the offense occurred in a drug-free zone.

After admonishing appellant, the trial court assessed his punishment at thirty-five years, a period of time within the punishment range applicable in this case. Tex. Pen.Code Ann. § 12.42(d) (Vernon Supp.2006). The written judgment provides that appellant was convicted of possession of cocaine in a drug-free zone, a third degree felony that was enhanced with two prior felonies. That is the same thing that the trial court had already found. I would hold that the sentence in this case is legal and that the written judgment does not conflict with the oral pronouncement. I would overrule appellant's sole issue and affirm the judgment of the trial court.