IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0404-07





 BENNY LEE CAMPBELL, Appellant



v.



THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TAYLOR COUNTY





 Keller, P.J., delivered the opinion of the Court in which Price, Womack,
Johnson, Keasler, Hervey, Holcomb and Cochran, JJ., joined. Meyers, J.,
dissented.


 The question in this case is whether the sentence that the trial judge orally pronounced was for (1)
possession of less than one gram of cocaine in a drug-free zone (a state jail felony enhanced to a third
degree felony, which was further enhanced by two prior convictions to first-degree habitual status), or (2)
the simple possession of less than one gram of cocaine (a state jail felony that could be enhanced only to
a second degree felony). Because we find that the court of appeals's choice of option (2) is inconsistent
with the trial judge's statements during the trial and also inconsistent with the understanding of the parties,
we shall reverse the judgment of that court.

 Appellant was charged with possession of more than one gram, but less than four grams, of cocaine
within one thousand feet of the Woodson Early Childhood Center, and two prior felony convictions were
alleged for enhancement purposes. By itself, possession of that amount of cocaine was a third degree
felony, (1) but under the drug-free zone statute, the Woodson Early Childhood Center allegation would result
in raising the minimum punishment by five years, (2) and the two prior convictions would result in enhancing
the punishment to first-degree habitual status, with a punishment range of 25 to 99 years, or life. (3) On a plea
of not guilty, the case was tried to the bench. At the conclusion of the State's case, the prosecutor told the
judge that the State was "proceeding on the lesser-included offense of state-jail possession of controlled
substance in a drug-free zone." This was because the evidence showed that the amount of cocaine
possessed was actually less than one gram. By itself, possession of that amount of cocaine - the minimum
level listed in the statute - was a state jail felony, (4) but the drug-free zone allegation would enhance the
offense to a third degree felony, (5) and the two prior convictions would further enhance the punishment to
first-degree habitual status. (6) 

 After both sides closed, the trial judge explained that "the amount of controlled substance that was
testified to would be a state jail felony." Given the testimony, the trial judge found appellant guilty "of a
state jail felony of possession of cocaine in an amount less than one gram." 

 The trial was recessed for a presentence investigation. At the beginning of the sentencing portion
of trial, the trial judge admonished appellant that he had been found "guilty of the state jail felony of
possession of cocaine in a drug free zone." (7) Both sides agreed that the punishment range, due to
enhancements, was twenty-five to ninety-nine years. The trial judge specifically verified that appellant
understood this to be the case. Appellant pleaded true to the enhancement paragraphs. The trial judge
noted that "this is a state jail felony that's been enhanced," and assessed punishment at imprisonment for
thirty-five years. In explaining why he assessed punishment near the lower end of the range, the judge said
it was because "it is, in fact, a state jail felony." Several days later, the trial judge signed a written judgment,
stating that appellant had been convicted of "Possession of Cocaine in a Drug Free Zone . . . Third Degree
Enhanced with two prior offenses."

 In his sole issue on appeal, appellant contended that the judgment should be reformed to reflect guilt
of possession of cocaine rather than possession of cocaine in a drug-free zone, and that the case be
remanded to the trial court for reassessment of punishment within the second-degree felony range. After
careful consideration of the problem, the court of appeals agreed, (8) holding that the trial judge's statement
during the sentencing hearing (9) that the offense was "a state jail felony" constituted the trial judge's oral
pronouncement of judgment for a state jail felony, "even though the conduct it found Campbell committed
would constitute a third degree felony." (10) Because possession in a drug-free zone was a third degree
felony, the appellate court believed it must harmonize the written judgment with the supposed oral rendition
by modifying the written judgment to reflect the offense of simple possession, along with its status as a state
jail felony. (11) As a result of that modification, the court of appeals reversed the sentence and remanded for
a new punishment hearing. (12)

 Chief Justice Wright dissented. (13) He contended that the trial judge orally pronounced the defendant
guilty of the offense of possession of cocaine less than one gram in a drug free zone. (14) He argued that the
trial judge's reference to "state jail" was a description simply of the amount of cocaine possessed and not
of the eventual punishment status of the offense. (15)

 We agree with the Chief Justice. The trial judge's comments indicate that he found the defendant
guilty of a state jail felony, enhanced by a drug-free zone finding to a third degree felony, and further
enhanced by two prior convictions to first-degree habitual status. Furthermore, the record shows that this
was clear to all parties at the time.

 We reverse the judgment of the court of appeals and affirm the judgment of the trial court. 

Delivered: September 26, 2007

Publish
1. Tex. Health & Safety Code §481.115(c).
2. Tex. Health & Safety Code §481.134(c)(1).
3. Tex. Pen. Code §12.42(d).
4. Tex. Health & Safety Code §481.115(b).
5. Tex. Health & Safety Code §481.134(d)(1).
6. See footnote 3.
7. Emphasis added.
8. Campbell v. State, 215 S.W.3d 544 (Tex. App.-Eastland 2007).
9. The court of appeals recognized that a bench trial is a unitary proceeding, and therefore, the
trial judge was free to revise the oral pronouncement made at the time the defendant was found guilty. 
Id. at 547; see also Barfield v. State, 63 S.W.3d 446, 451 (Tex. Crim. App. 2001).
10. Campbell, 215 S.W.3d at 549.
11. Id. at 550.
12. Id.
13. Id. at 550-51 (Wright, C.J., dissenting).
14. Id. at 551.
15. Id.