# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00545-CR

**Jason Andrew Saldana aka Jason Andrew Singer, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 54,634, HONORABLE JOE CARROLL, JUDGE PRESIDING

## O P I N I O N

Appellant Jason Andrew Saldana appeals his conviction for possession of marihuana in an amount less than five pounds but more than four ounces. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(3) (West 2003). Appellant waived trial by jury and entered a plea of guilty before the trial court. The trial court assessed punishment at two years' confinement in state jail.

### Point of Error

Appellant advances a single point of error—that the trial court abused its discretion when it refused to allow appellant to withdraw his plea of guilty.

**Background and Facts**

On July 18, 2003, appellant appeared before Judge Martha J. Trudo while represented by retained counsel. He waived trial by jury and entered a plea of guilty to the indictment. Appellant told Judge Trudo that he was freely and voluntarily pleading guilty because he was guilty. The trial court carefully admonished appellant of the consequences of his plea, and determined him to be mentally competent. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2004). Appellant's judicial confession, tracking the language of the indictment, was entered into evidence. The trial court made a finding that the evidence was sufficient to support the plea of guilty. *See id.* art. 1.15 (West Supp. 2004). Appellant requested a presentence investigative report. *See id.* art. 42.12, § 9(a), (g) (West Supp. 2004).

On August 28, 2003, appellant appeared with his counsel before Judge Joe Carroll, who had received appellant's presentence investigative report. The State indicated that it had no further evidence to offer. Appellant called his mother, Heather Saldana, as a witness. She related that she was in poor health suffering from multiple sclerosis, had poor vision, and needed appellant for healthcare and financial purposes.

The twenty-six-year-old appellant testified in his own behalf. When asked on direct examination what happened on the day of the offense, appellant unveiled an exculpatory scenario. Appellant stated that on October 4, 2002, he was working from his home installing stereos in motor vehicles; that on that date a man, unidentified except as "a military person," did not like the stereo appellant was to install in the man's pickup truck. As a result, they drove in the pickup truck to a shop in Killeen to select another stereo. At the shop's counter, the "military person" attempted to

2

exchange ecstasy pills, contraband, in payment for a stereo selected. An argument ensued between appellant and the "military person," and they moved outside the shop. There, the "military person" acknowledged that he was a drug dealer on a regular basis; that the night before a shotgun discharged in his apartment; and that all the drugs in the apartment had been moved to his truck for fear the police would arrive at the apartment. Appellant asked to be taken home. Within three blocks from the shop, the truck was stopped because of a traffic offense.

Appellant stated that a police officer asked him to step out of the truck. The officer started searching the truck and pulled out of the truck a McDonald's bag, saying it was full of marihuana. The officer also found a three-foot pipe, a gun, and "different things."

At jail, appellant reported that he was told that he had been arrested for possession of marihuana because the McDonald's bag had been found on his side of the truck and at his feet. The "military person" told the police that he knew nothing about what had been found in the truck and appellant must have "snuck" the items into the truck. In response, appellant told the officers that they had overlooked the ecstasy pills that the "military person" had hidden in the air vent of the vehicle. Appellant related that a detective told him that if the canister of pills was found, the charges against appellant would be dismissed. Later, appellant learned from another officer that the pills were found, but the charges were not dismissed.

On cross-examination, appellant admitted that at the time of the traffic stop, he had given the police officer a false name and a false date of birth because he panicked under the circumstances. Appellant acknowledged that all the convictions listed in the presentence report were correct. Appellant stated that he had stolen "a bunch" of motor vehicles in Nevada and "did time

3

there"; that he had two Texas convictions for burglary of a motor vehicle, which he "did." He agreed that he served thirty days in the Coryell County jail for misdemeanor theft, but was framed by his "mother's nine-year relationship" who did not want him to come home. When asked about a Texas forgery conviction, appellant related that a woman inquired if he could forge "something" and he said "no," but she got six months' probation, and he served a year in state jail for "forgery by knowledge." When the prosecutor asked if the instant case was like the forgery case—that he was not guilty but knew the marihuana was in the truck—appellant's counsel objected, "Well, your Honor, that's not true. We've pled guilty under the facts and circumstances of the case . . . ." The objection was overruled and the cross-examination continued. Appellant then stated that he was not guilty but knew the marihuana was in the truck, and he was with the wrong person at the wrong time.

Subsequently, when the prosecutor inquired if appellant was guilty of anything, an objection was interposed. At this point, the trial court began an inquiry of appellant as to his plea. In response, appellant told the trial court that he had discussed the indictment's allegations with his attorney and knew that he was pleading guilty to intentionally and knowingly possessing marihuana. In answer to another question, appellant responded: "Yes, sir, I do want to plead guilty."

After further cross-examination, the trial court returned to the subject matter of its earlier interrogation. Appellant assured the trial court that Judge Trudo had admonished him of the consequences of his plea, that he had freely and voluntarily entered his guilty plea, and that he was pleading guilty because he was guilty. The trial court stated that appellant seemed to be pleading guilty but testifying to the contrary. At this point, appellant's counsel asked to withdraw appellant's

4

plea of guilty, stating that "the prosecutor caused it." After a colloquy at the bench, the trial court refused to allow the plea to be withdrawn.

In argument, appellant's counsel stated:

> I think that because of the health of his mother he is deserving of this chance [deferred adjudication] or if you feel that he is not, Your Honor, you do what you want to. But the man has entered his plea freely and voluntarily.

The trial court heard the State's argument and assessed punishment.

## A Unitary Trial

Before any discussion of the applicable law, we observe that the instant proceeding was a unitary trial, not a bifurcated one where the guilt/innocence and penalty stages are conducted separately. Prior to the 1965 Texas Code of Criminal Procedure, all criminal trials before the court or the jury, regardless of the plea, were unitary trials. *See Duhart v. State*, 668 S.W.2d 384, 386 n.3 (Tex. Crim. App. 1984). All trials remain unitary under the code, and bifurcation is unauthorized except for cases which are tried before a jury on a plea of not guilty. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(a) (West Supp. 2004).[1] *Barfield v. State*, 63 S.W.2d 446, 449, 456 (Tex. Crim. App. 2001); *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972).

---

[1] Misdemeanor cases tried in justice and municipal courts before a jury on pleas of not guilty are exempt from bifurcation by virtue of the statute. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(a) (West Supp. 2004).

Thus, bifurcation has no application where a defendant waives trial by jury and enters a plea of guilty or nolo contendere before the court. *Barfield*, 63 S.W.2d at 450; *Ricondo v. State*, 634 S.W.2d 837, 842 (Tex. Crim. App. 1981); *Morales v. State*, 416 S.W.2d 403, 405 (Tex. Crim. App. 1967). Bifurcation does not occur in a jury-waived trial even when the trial court employs procedures characteristic of bifurcation. 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 38.14 (Supp. 2003) (hereinafter Dix). *Barfield* recognized that it is common practice in jury-waived cases when the plea of guilty is before the trial court for the proceedings to recess to allow a community supervision officer to prepare a presentence investigative report before punishment is assessed. 63 S.W.3d at 450; *see also* Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (West Supp. 2004); *Bean v. State*, 563 S.W.2d 819, 821-22 (Tex. Crim. App. 1978) (Onion, P.J., concurring). "While that procedure may be thought of by the participants as a bifurcated trial, it is not, but is rather an extended unitary trial punctuated by a recess in its middle." Dix, § 38.14; *see also Barfield*, 63 S.W.3d at 450-51.

The instant trial took on some characteristics of a bifurcated trial but was nevertheless a unitary trial. It is also important to remember in discussing the withdrawal of a guilty plea that the instant case did not involve a jury. When a jury is in the box, different rules are applicable regardless of a defendant's plea. *See* Dix, §§ 34.81-34.90 (Plea Withdrawal). The following discussion of the legal issue of plea withdrawal, however, involves only a plea of guilty before the court in a unitary trial.

6

**Discussion**

A liberal practice has prevailed in Texas concerning the withdrawal of a guilty plea. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). A defendant may withdraw his guilty plea as a matter of right without assigning any reason until the judgment has been pronounced or the case has been taken under advisement. *Id.*; *Moreno v. State,* 90 S.W.3d 887, 889 (Tex. App.—San Antonio 2002, no pet.); *Taplin v. State*, 78 S.W.3d 459, 461 (Tex. App.—Austin 2001, no pet.); *Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio, 1998, pet. ref'd ).[2]

When, however, a defendant decides to withdraw his guilty plea after the trial court takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Id.*; *McWherter v. State*, 571 S.W.2d 312, 313 n.2 (Tex. Crim. App. 1978); *Moreno*, 90 S.W.3d at 889; *Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.).

In *Harling v. State*, 899 S.W.2d 9 (Tex. App.—San Antonio 1995, pet. ref'd), the court stated:

> It is well-settled law that after a court has admonished the defendant, received the guilty plea and received the evidence, passing the case for a presentence investigation

---

[2] Following the advent of the 1965 Texas Code of Criminal Procedure, the trial court no longer has an obligation in cases where there is no jury to *sua sponte* withdraw the guilty plea, even if evidence is presented that makes evident the innocence of the defendant or reasonably and fairly raises an issue thereof. *See Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978); *see also Thomas v. State*, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980); 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 34.83 (2001). The trial court here had no *sua sponte* obligation to withdraw appellant's plea in view of appellant's testimony.

is "taking the case under advisement." *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979); *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. [Panel Op.] 1981); *Davis v. State*, 861 S.W.2d 25, 27 (Tex. App.—Houston [14th Dist.] 1993); *Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.). Following these cases, we find that here the trial court had taken the case under advisement when it reset the case on November 15, 1993 for a presentence investigation.

*Id*. at 12; *see also Holland v. State*, 112 S.W.3d 251, 254 n.1 (Tex. App.—Austin 2003, no pet.);

*Moreno*, 90 S.W.3d at 889; *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.—Waco 2000, pet.

ref'd); *Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1999, pet. ref'd); *Rivera v.*

*State*, 952 S.W.2d 34, 35 (Tex. App.—San Antonio 1997, no pet.); *Stone v. State*, 951 S.W.2d 205,

207 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Thus, appellant did not have an absolute right to withdraw his guilty plea because his

request came too late or was untimely because the case had been taken under advisement at the July

18, 2003, hearing. *See Holland*, 112 S.W.3d at 254 n.1. Moreover, and most importantly, appellant

does not assert the claim or brief the contention that he was denied the right to timely withdraw his

guilty plea because the case had not been taken under advisement. Appellant advances only the

contention that the trial court abused its discretion in refusing to permit him to withdraw his plea.

Appellant cites only *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981).[3] Appellant has

---

[3] In *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981), the court wrote:

> However, where the defendant decides to withdraw his guilty plea after the trial judge takes the case under advisement or pronounces judgment, the withdrawal of such plea is within the sound discretion of the trial court. *McWherter v. State*, 571 S.W.2d 312 (Tex. Cr. App. 1978).

8

not cited other authorities[4] or made a clear and concise argument that the trial court abused its discretion in accordance with his stated point of error. There has been no compliance with our briefing rules. *See Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001); *Vuong v. State*, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992); *Murchison v. State*, 93 S.W.3d 251, 254 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *King v. State*, 17 S.W.3d 7, 23 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Although appellant has not adequately briefed the point, we observe that an abuse of discretion will be found only when the trial court's decision is so clearly wrong as to be outside the zone of reasonable disagreement. *Ellis v. State*, 86 S.W.3d 759, 761 (Tex. App.—Waco 2002, pet. ref'd); *Torrance v. State*, 59 S.W.3d 275, 279 (Tex. App.—Fort Worth 2001, pet. ref'd). In determining whether a trial court abused its discretion, we consider whether the trial court acted without reference to guiding rules and principles; that is, whether the trial court acted arbitrarily and unreasonably. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993); *Murchison*, 93 S.W.3d at 249. The mere fact that a reviewing court may have decided an issue differently than the trial court within its discretionary authority is not an abuse of discretion. *Skeen v. State*, 96 S.W.3d 567, 575 (Tex. App.—Texarkana 2002, pet. stricken). Under the circumstances, even if appellant had properly presented the issue for review, we find the trial court did not abuse its discretion in refusing to permit the withdrawal of the plea. The point of error is overruled.

---

[4] Appellant does cite *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979) and *Taplin v. State*, 78 S.W.3d 459, 461 (Tex. App.—Austin 2001, no pet.), for the proposition that a defendant may withdraw his guilty plea as a matter of right until judgment is pronounced or the court takes the case under advisement. These cases were not cited, however, to support the claim of abuse of discretion.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Affirmed

Filed:   March 18, 2004

Publish

---

[*]   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).