# NO. 12-07-00293-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LORNE ARTIS REGGIE,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lorne Artis Reggie appeals from his conviction for evading arrest with a motor vehicle.  In three issues, he argues that the trial court erred in treating the offense as a third degree felony, that the evidence is insufficient to prove that he had previously been convicted of evading arrest, and that his conviction should be reversed because the trial court did not formally accept his guilty plea.  We affirm.

### BACKGROUND

Appellant was charged with evading arrest or detention in a vehicle.  The trial court held what was expected to be a guilty plea hearing.  Appellant and his attorney had signed a guilty plea waiver, acknowledgment of rights, and stipulation of evidence.  However, the guilty plea hearing could not be completed.  The State asserted that the offense was a third degree felony.  Appellant believed that it was a state jail felony.  He wished to plead guilty, but also wished to retain the right to appeal that issue.

After the hearing, Appellant filed a motion to withdraw his guilty plea, even though it had never been formally entered.  The hearing was reconvened and the following colloquy occurred:

| [Appellant's counsel]: | We have an agreement with the State on our motion [to withdraw the guilty plea] if the Court will approve it. |
|---|---|
| The Court: | What's the agreement? |
| [Appellant's counsel]: | The agreement is, is that back on March 2nd, [Appellant] entered a plea of guilty to evading. |
| The Court: | All right. |
| [Appellant's counsel]: | And, subsequently, because he felt due to the stipulations, he waived his right to appeal. The State and [Appellant] agreed that if the Court will approve, allow him to appeal the punishment hearing, he does not – – he will not withdraw his plea of guilty to evading as long as he preserved the right to appeal the punishment hearing. |

After further discussion, the hearing concluded as follows:

| The Court: | So you're withdrawing your Motion to Withdraw the plea. |
|---|---|
| [Appellant's counsel]: | Yes, your honor, as [long] as the Court's allowing us to appeal the punishment. |

A punishment hearing was held at a later date, and the trial court assessed punishment at imprisonment for four years. This appeal followed.

## LEVEL OF OFFENSE

In his first issue, Appellant argues that the offense he committed was a state jail felony, and not a third degree felony.

Evading arrest or detention ("evading arrest") is a Class B misdemeanor. TEX. PENAL CODE ANN. § 38.04(b) (Vernon Supp. 2007). Evading arrest in a vehicle is a state jail felony. *Id*. § 38.04(b)(1). Evading arrest in a vehicle by an actor who "has been previously convicted under this section" is a third degree felony. *Id*. § 38.04(b)(2)(A). Appellant argues that the language "this section" refers to subsection (b) of section 38.04, Texas Penal Code, meaning that the offense is a

2

third degree felony only if the actor has a previous conviction for evading arrest in a vehicle. Appellant's previous conviction was for simple evading arrest, not evading arrest in a vehicle. Therefore, Appellant contends that this offense is a state jail felony. He concedes that punishment was proper as a third degree felony if "this section" refers to section 38.04.

The plain language of section 38.04(b)(2)(A) makes it clear that the legislature intended for the offense to be a third degree felony if the actor had a previous conviction under section 38.04. Section 38.04(b)(2)(A) refers to a previous conviction under "this section," not a previous conviction under subsection 38.04(b). Furthermore, the Code Construction Act provides that a reference to a section without more is a reference to the section in which the reference is found. TEX. GOV'T CODE ANN. § 311.006(1) (Vernon Supp. 2007). Similarly, a reference to a subsection without more is a reference to a unit of the next larger unit of the code in which it appears. *Id.* § 311.006(2). Therefore, the reference in subsection 38.04(b)(2)(A) to a conviction under "this section" is, by statute and by ordinary statutory construction, a reference to section 38.04. Therefore, evading arrest in a vehicle with a prior conviction under section 38.04 is a third degree felony, and Appellant was sentenced properly. We overrule Appellant's first issue.

## LEGAL SUFFICIENCY

In his second issue, Appellant argues that the evidence is legally insufficient to sustain the conviction. Specifically, Appellant argues that there is insufficient evidence to support the verdict because the State did not offer proof of his prior conviction for evading arrest until the punishment hearing.

The standard of review for legal sufficiency of the evidence, set forth in *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89, 61 L. Ed. 2d 560 (1979), does not apply when a defendant pleads guilty knowingly and intelligently, and voluntarily enters a plea of guilty or nolo contendere. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986); *Keller v. State*, 125 S.W.3d 600, 604–05 (Tex. App.–Houston [1st Dist.] 2003, pet. dism'd, improvidently granted). Our appellate sufficiency review of felony guilty pleas to the court is confined to determining whether sufficient evidence supports the judgment of guilt under article 1.15 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 2007); *Williams*, 703 S.W.2d at

3

678, 682; *Keller*, 125 S.W.3d at 604.

To provide sufficient evidence under article 1.15, the State must enter into the record a showing of each essential element of the offense charged. *See Landon v. State*, 222 S.W.3d 75, 78 (Tex. App.–Tyler 2006, no pet.) (citing *Breaux v. State*, 16 S.W.3d 854, 857 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd)). This is different from the legal sufficiency requirement, and the evidence may be stipulated if certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 1.15.

Appellant's argument fails even if we treat it as a challenge to the evidence under article 1.15. Evading arrest with a vehicle is a state jail felony. TEX. PENAL CODE ANN. § 38.04(b)(1). The offense is a third degree felony if the actor has a prior conviction for evading arrest. *Id*. This shift of offense level is similar to an enhancement, and the parties treated it as such in this case. But the prior conviction is actually an element of the third degree felony. *See Calton v. State*, 176 S.W.3d 231, 236 (Tex. Crim. App. 2005). Therefore, Appellant is correct that the State must produce evidence of the prior conviction as an element of the offense, not simply to enhance the punishment. It follows then that evidence of the prior conviction must come during the guilt/innocence phase of a trial that is bifurcated into a guilt/innocence phase and a punishment phase. However, when a defendant waives a jury trial and pleads guilty to the court, that "trial" is not bifurcated, but is a single, unitary proceeding. *See Saldana v. State*, 150 S.W.3d 486, 489 (Tex. App.–Austin 2004, no pet.) (citing *Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001); *Ricondo v. State*, 634 S.W.2d 837, 842 (Tex. Crim. App. 1981); *Morales v. State*, 416 S.W.2d 403, 405 (Tex. Crim. App. 1967)).

In *Saldana*, the court of appeals held that even where the parties treat a nonjury trial as if it were bifurcated, it is in fact a unitary proceeding. *Saldana*, 150 S.W.3d at 489–90. We agree with the decision in *Saldana* and conclude that the series of hearings held in this case was a unitary guilt/innocence and punishment hearing. The State introduced its Exhibit 3, the prior conviction, at a hearing on July 3, 2007. Appellant did not object. Furthermore, State's Exhibit 1, a signed stipulation of evidence, is in the record, signed by the prosecutor, Appellant, Appellant's counsel, and the trial court. It bears a file mark of March 2, 2007, and Appellant's counsel acknowledged at the July 3, 2007 hearing that it had been filed. In the stipulation, Appellant pleaded guilty, confessed his guilt, and admitted committing each and every element of the offense as alleged in the

4

indictment. Appellant does not argue that this stipulation is insufficient to meet the requirements of article 1.15. Either the actual record of the prior conviction or Appellant's stipulation is sufficient evidence to show that Appellant had been previously convicted of evading arrest. We overrule Appellant's second issue.

## ACCEPTANCE OF GUILTY PLEA

In his third issue, Appellant argues that the trial court erred in assessing punishment because it never accepted his guilty plea and that the trial court failed to admonish him as required by law.

Guilty plea hearings are governed by statute. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2007). Before accepting a plea, the trial court must admonish a defendant of various aspects of the rights he is waiving and certain collateral consequences of his plea. *Id*. art. 26.13(a). Substantial compliance with article 26.13 is required. *Id*. art. 26.13(h).

Appellant's argument that he was not admonished as required turns on the admission of State's Exhibit 1. The relevant admonishments are given in State's Exhibit 1. The trial court referenced this document at the March 2, 2007 plea hearing. Specifically, the trial court asked Appellant as follows:

> The Court: [Appellant], you're here charged with the offense of evading arrest. And you've signed a document that's labeled State's Exhibit 1, which is this longer document, and it sets out all the rights that you have facing this charge. And I see you've signed it. By signing it you're telling me that you understand what your rights are but that you're giving them up in order to enter a plea?
>
> Defendant: Yes, Sir.

Appellant does not argue that State's Exhibit 1 is deficient, just that it was never admitted. Appellant is correct that the State never offered State's Exhibit 1, and the trial court never formally accepted it. However, as the State points out, article 26.13, Texas Code of Criminal Procedure, allows for the trial court to receive waivers and admonitions in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2007). At least one court has held that "to receive" the waivers is less than a requirement that the stipulations be admitted into evidence. *See Armstrong v. State*,

5

911 S.W.2d 133, 134 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd). This interpretation is supported by article 1.15, which requires that waivers and stipulations of evidence "be approved by the court in writing and be filed in the file of the papers of the cause" but does not specifically require that they be admitted into evidence.

In this case, the documents were admitted into evidence. The waiver and stipulation document appears in the record; is signed by the court, by Appellant, and by his counsel; and bears a file mark. Furthermore, at the last hearing in this case, the trial court asked Appellant's counsel if State's exhibits 1 through 6 had been admitted. Counsel affirmed that they had to the best of his recollection. Of course, as Appellant points out, State's exhibit 1 had not been formally offered and admitted. Thereafter, however, the parties treated it as if it had been admitted, and it is part of the record. In this case, it was the trial court who offered State's Exhibit 1, if only because all of the parties believed that it had already been admitted. *See also **Amador v. State***, 221 S.W.3d 666, 673–74 (Tex. Crim. App. 2007) (Appellate court may consider evidence that is in the record and treated by parties as if it had been admitted.). This is unusual, but if Appellant wished to complain that State's Exhibit 1 was not properly before the court, the time to do so was at least as late as when the trial court treated it as if it had been admitted. Texas Rule of Appellant Procedure 33.1 requires a party to raise an objection in the trial court to preserve a complaint for appellate review. There was no objection when the trial court treated State's Exhibit 1 as if it had been admitted, and so this complaint is not preserved for our review.

Finally, Appellant argues that he never pleaded guilty and that the trial court never accepted his plea of guilty. In State's Exhibit 1, Appellant states that he is pleading guilty. Appellant filed a motion to withdraw that guilty plea, and thereafter abandoned his attempt to withdraw his guilty plea. State's Exhibit 1 was before the court, and we hold that it contained Appellant's guilty plea. Furthermore, Appellant's own testimony makes clear that he intended his written plea to be a guilty plea. At a hearing on July 3, 2007, his attorney asked him, "Now since the time you entered your plea before the court, what, if any action have you taken to get your education?" He answered that he had earned his general equivalency degree in May 2007. He also testified to the elements of the offense during his testimony.

With respect to acceptance of the guilty plea, Appellant has not identified any specific

incantation that a trial court must make to accept a plea. The court did say, "Then, [Appellant], at this time based on your previous plea of guilty, I'm going to find you guilty of the offense of evading arrest and find that that was committed while operating a motor vehicle." This is a sufficient acceptance of Appellant's guilty plea. More importantly, it is sufficient to put Appellant on notice that the court believed he had pleaded guilty and intended to assess punishment. Appellant did not complain at that time that his plea had not been accepted, and so he has not preserved this complaint for our consideration. *See* TEX. R. APP. P. 33.1. We overrule Appellant's third issue.

### DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7