Affirmed and Memorandum Opinion filed April 21, 2009








Affirmed and Memorandum Opinion filed April 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00317-CR

____________

 

MICHAEL JAMES WILLIAMS A/K/A
MICHAEL JAMES WILLIAMS, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 252nd
District Court

Jefferson County, Texas

Trial Court Cause No. 96566

 



 

M E M O R A N D U M   O P I N I O N

Appellant Michael James Williams pleaded no contest to
aggravated sexual assault and received forty-five years= imprisonment.  In
his sole issue, appellant contends that the trial court erred in admitting
extraneous offense evidence during the guilt or innocence portion of the
trial.  We affirm.








Appellant was indicted for the aggravated sexual assault of
the complainant in 2006.  In a bench trial, appellant pleaded no contest, and
the State presented the following evidence to substantiate the plea.[1]

The complainant testified that she and appellant began a
relationship in 1997 and were married in 2004, after appellant was incarcerated
for an unrelated offense.  Over appellant=s objections, the
trial court allowed the complainant to recount numerous instances in which
appellant had beaten and physically abused her during their relationship.  The
couple divorced in 2005 while appellant was still incarcerated.  The
complainant testified that after appellant was freed in 2006, he arrived at her
door one evening, physically abused her, threatened to cut her throat with a
knife, and sexually assaulted her.

Appellant claimed, despite his no contest plea, that on the
night in question he and the complainant had consensual sex.  He claimed that
afterwards the complainant became enraged and attacked him with a box-cutter
when he admitted dating a woman she disliked.  According to appellant, he
elbowed and slapped the complainant in a reflexive response and in
self-defense, cutting the complainant=s ear and eyebrow.

The trial court found the evidence sufficient to
substantiate the plea and found appellant guilty.  The parties chose not to
offer additional punishment evidence, and, following closing arguments, the
trial court sentenced appellant to forty-five years= imprisonment. 
Appellant now contends that the trial court committed reversible error in
admitting the complainant=s testimony regarding appellant=s extraneous
assaults on her.








We review a trial court=s ruling on the
admission of evidence for an abuse of discretion.  Montgomery v. State,
819 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).  A trial court
abuses its discretion when its decision lies outside the zone of reasonable
disagreement.  Green v. State, 934 S.W.2d 92, 101B02 (Tex. Crim.
App. 1996).  Appellant argues that the trial court erred in admitting
extraneous offense evidence during the guilt or innocence portion of the
trial.  However, when, as here, a defendant waives a jury trial and enters a no
contest plea on a non-capital offense, the proper procedure is to conduct a
unitary trial.  Saldana v. State, 150 S.W.3d 486, 489 (Tex. App.CAustin 2004, no
pet.) (citing Barfield v. State, 63 S.W.3d 446, 449 (Tex. Crim.
App. 2001)); Lopez v. State, 96 S.W.3d 406, 412 (Tex. App.CAustin 2002, pet.
ref=d) (same).  In a
unitary trial, there is no Abifurcation@ (where the
guilt/innocence and punishment stages are conducted separately), even when the
trial court employs procedures characteristic of bifurcation.  Saldana,
150 S.W.3d at 489.  Rather, such a procedure is properly characterized as a
unitary trial punctuated by a recess in the middle.  Id.  Accordingly,
in a unitary trial, as in a punishment hearing, the parties may offer any
evidence the court deems relevant to sentencing, including unadjudicated
extraneous offenses and previous bad acts attributable to the defendant.  See
Tex. Code Crim. Proc. Ann.
art. 37.07(3)(a)(1), (g) (Vernon Supp. 2008); Watson v. State, 974 S.W.2d
763, 765 (Tex. App.CSan Antonio 1998, pet. ref=d) (finding no
error in admission of victim impact evidence prior to guilt adjudication in no
contest plea and citing article 37.07 section 3 for proposition that State is
entitled to offer any matter relevant to sentencing at punishment phase); see
also Pargas v. State, No. 05-04-01682-CR, 2005 WL 2009567, at *5B6 (Tex. App.CDallas Aug. 23,
2005, no pet.) (not designated for publication) (holding, in review of no
contest plea, that trial court did not abuse its discretion by admitting
extraneous offense evidence prior to finding sufficient evidence of appellant=s guilt).








Here, appellant pleaded no contest before the trial court,
rendering the proceeding a unitary one in which all evidence was admitted both
to substantiate appellant=s plea and to allow the trial court to
fashion an appropriate sentence.  See Saldana, 150 S.W.3d at 489. 
Though the trial court employed procedures characteristic of bifurcation by
finding the evidence sufficient to substantiate appellant=s plea and then
asking for any additional evidence and arguments before assessing punishment,
the proceeding remained unitary.  See id.  Because both guilt and
punishment are at issue in such a proceeding, the trial court did not err by
admitting the challenged evidence, which was admissible under Texas Code of
Criminal Procedure article 37.07(3)(a)(1)[2]
on the issue of punishment to aid the trial court in fashioning an appropriate
sentence.[3] 
Indeed, as appellant points out, the trial court specifically referred to the
challenged evidence in announcing appellant=s sentence.  We
hold that the trial court did not err in admitting the challenged evidence.  We
therefore overrule appellant=s sole issue.

Having overruled appellant=s sole issue, we
affirm the trial court=s judgment.

/s/      Leslie B. Yates

Justice

 

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  When a defendant waives his right to a jury and
pleads no contest to a felony, the Code of Criminal Procedure requires the State
to introduce evidence into the record showing the defendant=s guilt to serve as the basis for the trial court=s judgment.  See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005); McDougal
v. State, 105 S.W.3d 119, 120 (Tex. App.CFort
Worth 2003, pet. ref=d).





[2]  At trial, appellant admitted beating complainant on
previous occasions and does not dispute the sufficiency of the evidence proving
that the prior bad acts were attributable to him.  See Tex. Code Crim. Proc. Ann. art.
37.07(3)(a)(1); Haley v. State, 173 S.W.3d 510, 515 (Tex. Crim. App.
2005) (holding State need only show beyond a reasonable doubt that prior
extraneous offenses or bad acts are attributable to defendant for
purposes of article 37.07(3)(a)(1)).  We therefore do not address that issue.





[3]  We note that even if this had been a bifurcated
proceeding, admission of the challenged evidence would not have constituted
reversible error.  Evidence of extraneous offenses and prior bad acts are
admissible, inter alia, to rebut a defensive theory.  See Tex. R. Evid. 404(b); Moses v. State,
105 S.W.3d 622, 626 (Tex. Crim. App. 2003).  Error in prematurely offering
evidence of extraneous offenses to rebut a defensive theory may be rendered
harmless if the defendant raises a defensive theory which the prematurely
admitted evidence would have been admissible to rebut.  Rubio v. State,
607 S.W.2d 498, 502 (Tex. Crim. App. 1980) (en banc); Dickson v. State,
246 S.W.3d 733, 744 (Tex. App.CHouston [14th
Dist.] 2008, pet. ref=d).  Appellant raised the defense of consent and
argued that the injuries to appellant were due in part to a reflex rather than
force.  The challenged evidence would have served to rebut appellant=s claim.  See  Tinker v. State, 148 S.W.3d 666,
669 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (stating that lack
of consent in sexual assault prosecution can be proven by the threat or use of
physical force or violence).