

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00177-CR

_____

JAMES PRESHA ARTERBERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-0340-10

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

When he was sixteen years of age, James Presha Arterberry used a gun to commit a robbery in Smith County,[1] allegedly as some sort of gang initiation rite. As a result, he was certified and tried as an adult,[2] pled guilty to and was found guilty of aggravated robbery,[3] was found to have committed the offense with a deadly weapon, and was sentenced to thirty-five years' imprisonment.[4]

Arterberry's attorney on appeal has filed a brief that discusses the record and reviews the proceedings in detail. Counsel offers seven possible appellate points and explains why those points would not be successful. We agree with counsel's research and interpretation of the record and applicable law.

Due to the seriousness of the offense, the juvenile court did not abuse its discretion in waiving its jurisdiction and transferring the case to district court.[5] The district court had

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. FAM. CODE ANN. § 54.02(a) (Vernon Supp. 2010).

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2010); TEX. PENAL CODE ANN. § 29.03 (Vernon 2003).

[4]The State agreed to permit the trial court to take into account an unadjudicated offense of engaging in organized criminal behavior in determining sentence for the charge of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. § 12.45 (Vernon 2003).

[5]No cases have been located that find an abuse of discretion in a certification of a juvenile as an adult in any case in which the juvenile was charged with aggravated robbery with a deadly weapon—a serious offense.

jurisdiction pursuant to an indictment which provided Arterberry sufficient notice of the charged offense. The record establishes Arterberry pled guilty to a first degree felony offense knowingly and voluntarily,[6] so it could not be said the trial court abused its discretion in finding Arterberry guilty. Arterberry signed a waiver of his right to a jury, which was approved by the trial court, and signed a stipulation of evidence. The record does not establish a genuinely arguable issue that Arterberry's sentence was so grossly disproportionate as to be cruel and unusual punishment under the Eighth Amendment. Finally, counsel points out the record does not support a genuinely arguable issue that Arterberry received ineffective assistance of counsel.[7]

Counsel has provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Additionally, this Court has reviewed the record and finds no reversible error. *See Anders*, 386 U.S. at 744; *Bledsoe v.*

---

[6] Arterberry entered an open plea of guilty before the trial court without a plea agreement. The plea was taken and the punishment hearing was held as a unitary proceeding. *See Saldana v. State*, 150 S.W.3d 486, 489 (Tex. App.—Austin 2004, no pet.); *see also Barfield v. State*, 63 S.W.3d 446, 450–51 (Tex. Crim. App. 2001). After introduction of the punishment evidence and the presentence investigation report, the State requested life imprisonment. Arterberry's counsel requested the trial court to place Arterberry on deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp. 2010). Because Arterberry was indicted for aggravated robbery with a deadly weapon, he was eligible for "deferred adjudication probation" but not "regular probation." *Compare* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g (Vernon Supp. 2010) *with* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5. After hearing closing arguments on punishment, the trial court orally pronounced Arterberry guilty and sentenced him to thirty-five years' imprisonment.

[7] While counsel did not call witnesses for Arterberry during punishment and there is some indication that Arterberry had some supporters in favor of a reduced sentence, nothing shows they would have been willing to testify on his behalf or that such testimony might have had any effect on his sentence.

*State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

On March 2, 2011, counsel mailed a copy of the brief to Arterberry and informed him of his right to file a pro se response and of his right to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Although this Court received a letter dated March 19, 2011, in which Arterberry expressed a desire to file a pro se response, Arterberry has filed neither a pro se response nor a motion for more time in which to file such a response.

Having found no genuinely arguable issue for appellate review, we find the appeal to be frivolous. Consequently, we affirm the judgment of the trial court.[8]

Josh R. Morriss, III
Chief Justice

Date Submitted:    May 16, 2011
Date Decided:     May 24, 2011

Do Not Publish

---

[8]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.