

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00357-CR

SHERMAN LAMONT DANIELS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 30th District Court
Wichita County, Texas[1]
Trial Court No. 45,165-A, Honorable Robert P. Brotherton, Presiding

March 27, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Sherman Lamont Daniels, appeals the trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of aggravated kidnapping,[2] and sentencing him to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant contends

---

[1] By order of the Texas Supreme Court, this appeal was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] TEX. PENAL CODE. ANN. § 20.04 (West 2019).

that the trial court abused its discretion by failing to conduct a unitary proceeding on the motion to adjudicate and failing to grant his motion for new trial based on an involuntary plea. We modify the judgment and affirm.

Background

In February of 2007, appellant pled guilty to aggravated kidnapping. Pursuant to a plea bargain, the trial court deferred adjudication of appellant's guilt and placed him on seven years' community supervision. The trial court ordered several conditions of community supervision and informed appellant in writing that if he failed to comply with them, his community supervision could be revoked.

In January of 2014, the State filed a motion to adjudicate the guilt of appellant. In the motion, the State alleged that appellant had violated four conditions of his community supervision. In March, appellant pled true and the court extended his community supervision until February 2017. An agreed order amending terms of community supervision was filed.

In January 2017, the State filed its second motion to adjudicate the guilt of appellant. The State alleged multiple violations of the terms and conditions of appellant's community supervision, including that appellant admitted to using alcohol on October 25, 2014, admitted to using marijuana on April 15, 2016, and failed to report seven identified months. At a hearing on the State's motion, appellant appeared with counsel and entered a plea of true to the State's allegations.

After the judge accepted appellant's plea of true, the State rested as to the adjudication. The trial court accepted appellant's plea and found appellant guilty of the

2

underlying offense of aggravated kidnapping. Appellant's attorney announced that he was presenting mitigating evidence, and the hearing proceeded to punishment. Each party presented punishment evidence. The State offered three prior judgments which were admitted without objection. Appellant's mitigation evidence consisted of appellant's counselor and appellant's long-time girlfriend, the victim of the aggravated kidnapping. At the conclusion of appellant's mitigation evidence, the trial court took the matter under advisement.

On June 5, 2018, the trial court emailed the parties explaining its rationale to sentence appellant to five years' confinement and indicating the matter would be scheduled for imposition of sentence.

Appellant obtained new counsel and filed a motion to withdraw his plea of true and a motion for new trial. In his motions, appellant argued that he was unaware of the consequences of his plea, his attorney failed to request a unitary revocation hearing that would allow the court to sentence appellant "other than commitment to TDCJ," his attorney failed to advise him that "entering a plea of true would result in a revocation of his probation," and that appellant "plead [sic] true with the belief that the [c]ourt would have the option to dismiss the State's motion."

On August 10, the case was called for pronouncement of sentence. The trial court found appellant guilty of aggravated kidnapping and sentenced him to five years' confinement. Appellant's counsel then presented evidence on his motion to withdraw his plea and motion for new trial. These motions were denied.

Appellant timely appealed the resulting judgment. By his appeal, appellant contends that the trial court erred in failing to conduct a unitary proceeding on his motion to proceed, and in failing to grant his motion for new trial.

Law and Analysis

Adjudication Proceeding

In his first issue, appellant asserts that the trial court erroneously bifurcated the motion to adjudicate proceeding which "made aggravated prison time inevitable." An appellate court's review of an order adjudicating guilt is limited to a determination of whether the trial court abused its discretion. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

Appellant's first issue relies on an email the judge sent to the parties following a hearing on the motion to proceed with adjudication. The email provides as follows:

I have considered the evidence and argument of counsel in [appellant's] case.

I note the following:

1. The matter before the [c]ourt was a motion to proceed with adjudication of guilt.
2. I was not asked to conduct a unitary proceeding.
3. Upon the [appellant's] plea of true to the allegations, I found the allegations to be true and found [appellant] guilty of aggravated kidnapping on his original plea of guilty.
4. The hearing proceeded to punishment.
5. [Appellant's] punishment evidence was compelling.
6. Art. 42A.054 [of the Code of Criminal Procedure] prohibits me from placing [appellant] on [probated] community supervision.

Despite [appellant's] punishment evidence, the minimum sentence that I may impose is 5 years['] confinement in the Texas Department of Criminal Justice.

4

According to appellant, the trial court accepted the plea, immediately found the allegations to be true, and proceeded to punishment—a process that effectively bifurcated the proceeding. Appellant urges that this process foreclosed the trial court's ability to consider his request for discharge from community supervision and made his sentence to a term of confinement "inevitable."

When, as in this case, a defendant enters a plea of true at an adjudication hearing, "the proceeding becomes a unitary proceeding to determine the remaining issue of punishment." *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (citing *Carroll v. State*, 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998) (en banc)). In a unitary proceeding, the decision of the trial court "is not fixed until it renders judgment on guilt and punishment after all the evidence and arguments have been heard." *Barfield v. State*, 63 S.W.3d 446, 451 (Tex. Crim. App. 2001) (en banc). Even if the trial court employs procedures characteristic of bifurcation, the procedure remains a unitary trial "punctuated by a recess in the middle." *Saldana v. State*, 150 S.W.3d 486, 489 (Tex. App.—Austin 2004, no pet.).

Here, the adjudication proceeding remained unitary. After hearing appellant's mitigation evidence and his argument requesting that his community supervision be discharged, the trial court had discretion to discharge appellant from community supervision until the court sentenced him to confinement.[3] We overrule appellant's first issue.

---

[3] A continuation or modification of deferred adjudication community supervision was not an available option for appellant because his original community supervision of seven years was extended an additional three years in 2017. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.103(a) (West 2018). The trial

5

Motion for New Trial

In his second issue, appellant contends that the trial court erred in denying his motion for new trial based on an involuntary plea. Appellant contends that his plea of true was not made knowingly and voluntarily because he believed the trial court had the option to discharge him from deferred adjudication community supervision. We review a trial court's denial of a motion for new trial for abuse of discretion. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). Under this standard, we must uphold the ruling if it is within the zone of reasonable disagreement, and we will reverse only if no reasonable view of the record could support the ruling. *Id.*

At the beginning of the hearing on the motion to adjudicate, appellant was admonished about the consequences of his plea of true and he affirmed he understood. The record also shows that appellant understood the range of punishment he was facing. While appellant hoped he would be discharged from his community supervision, he clearly understood that the alternative might occur and that he could be revoked and sent to prison.

At the hearing on the motion for new trial, appellant's plea attorney testified that he explained the options available to appellant "considering that his options were limited." Appellant's options were to plead true or the court could find the allegations to be true and assess a prison sentence within the full range of punishment, or the court could deem the violations alleged by the State were not sufficient to merit appellant being adjudicated and revoked to prison. The fact that appellant was given a prison term as opposed to

court did not have an option to place appellant on probation because the underlying offense is ineligible for straight probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.054(a)(4) (West Supp. 2019).

being discharged did not render his plea involuntary or unknowing. *Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.) (per curiam) ("A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated.").

The trial court has broad sentencing discretion after revoking community supervision and adjudicating guilt; the trial court's decision to revoke, adjudicate, and sentence defendant, instead of discharging his community supervision, was not outside its broad sentencing discretion. *Lyle v. State*, No. 02-17-00227-CR, 2019 Tex. App. LEXIS 5939, at *7 (Tex. App.—Fort Worth July 11, 2019, pet. ref'd) (mem. op., not designated for publication). Finding no abuse of discretion in denying appellant's motion for new trial, we overrule issue two.

Reformation of Judgment

In reviewing the record, it came to this Court's attention that the trial court's judgment contained in the clerk's record includes a clerical error. The portion of the judgment detailing the conditions of community supervision that were violated states, "Term No. 12(b): The defendant failed to pay the supervision fee incurred herein in that the balance on such fee is delinquent in the amount of $2,700.75." However, the reporter's record reveals that the State abandoned this alleged violation.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc). Appellate courts have the power to reform whatever the trial court could have corrected

by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30. Thus, we modify the trial court's judgment to delete the finding of a violation based on "Term No. 12(b)."

## Conclusion

Having found no abuse of discretion by the trial court, the judgment is affirmed as modified.

Judy C. Parker
Justice

Do not publish.