AFIRMED; and Opinion Filed March 18, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

No. 05-11-00996-CR

---

## RICHARD GOMEZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F09-30662-H**

## OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice O'Neill

Appellant Richard Gomez appeals his conviction for indecency with a child. After finding appellant guilty, the trial court assessed punishment at twelve years' confinement. In a single point of error, appellant contends he received ineffective assistance of counsel. For the following reasons, we affirm the trial court's judgment.

The grand jury indicted appellant for indecency with a child, K.L., by causing contact between the child's hand and appellant's genitals. K.L. is appellant's girlfriend's twelve-year-old daughter. Appellant pleaded nolo contendere to the allegations in the indictment, but did not enter a stipulation that he committed the offense and, in fact, denied commission of the offense at trial. The State therefore presented other evidence to support the plea. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

At trial, K.L. did not testify to the elements of the offense. She said she did not want to testify against appellant because she feared for her safety. However, she did testify that she had told her Aunt Yolanda, her grandmother, a forensic interviewer, and the prosecutor what had happened. K.L. also testified her mother, Erica Duke, was still in a relationship with appellant and Duke sometimes lives with appellant.

Yolanda Pitre testified as the outcry witness. At the time of the offense, Duke was married to Yolanda's brother, but her brother was in prison and Duke was dating appellant. One day, K.L. told Yolanda that appellant had come into her room and had lain down next to her. K.L. was afraid and pretended she was asleep. K.L. told Yolanda appellant took her hand and put it on his penis and moved her hand up and down. K.L. then screamed out, pretending to have a nightmare, so appellant would stop.

Yolanda admitted she was a methamphetamine addict and was actively using at the time of the offense, but denied she was under the influence when the child made her outcry. She also admitted a rather lengthy criminal history, including theft, forgery, fraud and drug charges. Yolanda had pending cases at the time of trial.

Appellant testified and denied commission of the offense. He claimed K.L. and Yolanda made up the accusations because they did not like him living with Duke. Appellant denied threatening K.L.'s family in general or her thirteen-year-old brother, S.L.

On cross-examination, appellant admitted he had a prior conviction for assaulting his ex-wife. He was initially charged with aggravated assault with a deadly weapon and interfering with an emergency phone call. However, appellant pleaded guilty to a reduced charge of misdemeanor assault when his ex-wife would not testify against him. Appellant was assessed a probated sentence in that case, which he successfully completed.

After hearing the evidence, the trial court found the State proved appellant's guilt, but did not yet find him guilty, and recessed for a presentence investigation. When the proceedings resumed, the State presented evidence that appellant was abusive and K.L. and her family, including Duke, all feared appellant and feared testifying against him. Appellant responded with evidence continuing to dispute he committed the offense, including Duke's testimony that K.L. was making up the allegations. Appellant also presented evidence he was eligible for probation and asked the trial court to consider a probated sentence. The trial court sentenced appellant to twelve years' confinement. Appellant filed a motion for new trial asserting his trial counsel was ineffective. The trial court denied the motion after an evidentiary hearing.

In his sole point of error, appellant contends the trial court abused its discretion in overruling his motion for new trial. The two-pronged *Strickland v. Washington* test applies to challenges to guilty and nolo contendere pleas. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To be entitled to a new trial based on an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The first prong requires the defendant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Lane*, 303 S.W.3d at 707. The second prong requires the defendant to show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Lane*, 303 S.W.3d at 707. In the context of a guilty or nolo contendere plea, a defendant satisfies the second prong of the test by showing that, but for counsel's errors, he

3

would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 59; *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009).

Appellant's complaints of ineffective assistance are all based on counsel's alleged ineffectiveness at the "guilt/innocence" phase of the proceeding. In particular, appellant alleges counsel was ineffective for (1) failing to object to improper impeachment, (2) failing to investigate and present evidence of a recantation defense at "guilt/innocence," (3) failing to impeach complainant with evidence of recantation and her reputation for untruthfulness, and (4) failing to impeach the outcry witness with evidence of bias and her reputation for untruthfulness.

Before addressing the merits of appellant's complaints, it is important to understand the procedural posture of this case. Appellant presents his complaint as though he pleaded not guilty to the offense. However, appellant pleaded nolo contendere to the allegations in the indictment. A plea of nolo contendere has the same legal effect as a guilty plea for purposes of the criminal prosecution. TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006). When a defendant waives a jury trial and enters a no contest plea on a non-capital offense, the proper procedure is to conduct a unitary trial. *Saldana v. State*, 150 S.W.3d 486, 489 (Tex. App.—Austin 2004, no pet.) (citing *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001)); *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd). In a unitary trial, there is no "bifurcation" (where the guilt/innocence and punishment stages are conducted separately), even when the trial court employs procedures characteristic of bifurcation. *Saldana*, 150 S.W.3d at 489. Rather, such a procedure remains a unitary trial "punctuated by a recess in the middle." *Id.*

Appellant's complaints are all connected to the trial court's finding of guilt. Appellant does nothing to link the alleged ineffectiveness to either his nolo contendere plea or to the sentence assessed. We recognize that in the trial proceedings, although appellant pleaded nolo

4

contendere, the parties treated this case in some respects as a "not guilty" plea, and it is clear appellant was contesting his guilt. It appears this procedure was used to avoid provisions of the code of criminal procedure prohibiting a trial court from placing a defendant on probation for indecency with a child unless he pleads guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3g(a)(1), 5(a) (West 2006). Despite appellant's nolo contendere plea, appellant was given many of the benefits of a "not guilty" plea. For example, the trial court permitted appellant to contest his guilt and stated it was holding the State to the constitutional "beyond a reasonable doubt" burden of proof. On appeal, appellant now seeks to avoid the effect of his plea and seeks review as if he had pleaded not guilty. However, appellant does not assert his plea was not voluntary, that the trial court should have sua sponte withdrawn the plea, or that trial counsel should have sought to withdraw the plea. Because appellant does not link his trial counsel's ineffectiveness either to his no contest plea or to his sentence, he has made no showing that but for trial counsel's alleged ineffectiveness, the result of the proceeding would have been different. Under these circumstances, we resolve the sole issue against appellant and affirm the trial court's judgment.

MICHAEL J. O'NEILL
JUSTICE

Publish

110996F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

RICHARD GOMEZ, Appellant

No. 05-11-00996-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F09-30662-H.
Opinion delivered by Justice O'Neill.
Justices FitzGerald and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of March, 2013.

_____
MICHAEL J. O'NEILL
JUSTICE