**Affirmed and Opinion Filed June 28, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00406-CR

**LEONEL MORENO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F0912595-P**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Justice Bridges

Leonel Moreno appeals his aggravated sexual assault conviction. Appellant entered an open plea of no contest, and the trial court found him guilty and sentenced him to ten years' confinement and a $3000 fine. In a single point of error, appellant argues the trial court erred in denying his motion for new trial based on his argument that he received ineffective assistance of counsel. We affirm the trial court's judgment.

In March 2010, appellant was indicted on a charge of aggravated sexual assault of a child younger than fourteen. Prior to trial, the trial court advised appellant "that's a first-degree felony with a punishment range of a minimum of 5 years with a maximum range of 99 years or life." The trial court further stated it could defer a finding of guilt in place appellant on probation. Appellant elected to give up his right to a jury trial and have the trial court decide his guilt or

innocence. After the trial court read the indictment, appellant entered a plea of no contest to the charges against him.

L.S., thirteen years old at the time of trial, testified her birthday is February 13, 2001. When L.S. was eight, she went to a party at appellant's house with her mother, brother, and aunt. L.S. was friends with appellant's twin daughters, and she stayed behind to spend the night with them when her mother, brother, and aunt left at approximately 4:00 a.m. L.S. and the twins slept on the floor in "the parents' bedroom." L.S. woke up "real early" and went into the living room where the twins were watching television. L.S. returned to the master bedroom and went back to sleep. When she woke up again, appellant was coming toward her. Appellant picked up L.S., put her on the bed, and sexually assaulted her. Appellant's underwear was blue and "looked like boxers." After a time, appellant stopped, and both he and L.S. fell asleep. L.S. woke up first and went to the living room where she watched television with the twins. At first, L.S. did not tell anyone about the assault because she was "scared." However, after a few days she developed a rash, and she told her cousin and mother about the assault because she was scared something was wrong with her. On cross-examination, L.S. testified she did not remember if appellant's "larger size" brother was at appellant's house at the time of the assault. R.E.C., thirty years old at the time of trial, testified appellant had sex with her at a motel when she was fifteen. Appellant took R.E.C. to Mexico on a week-long trip and gave R.E.C. money to take a bus back home because "he said he couldn't cross [R.E.C.] over." A.V., twenty-one years old at the time of trial, testified appellant is her uncle, and he "brushed up on" her while she looked out a window when she was ten. On another occasion, appellant "did not hesitate to touch [A.V.'s] chest" with both hands while they were in a bounce house. When A.V. was eighteen, appellant gave her a ride to work and masturbated while he was driving.

During argument, defense counsel emphasized that appellant's brother was living at appellant's house at the time of the party and was "now facing child abuse charges against one of the victims being [appellant's] twin daughter." Defense counsel posed the question whether appellant's brother was "the one who did it." After hearing arguments from both the defense and the State, the trial court noted that defense counsel said "it could have been [appellant's] brother, but [the trial court had] not heard anybody describe what [appellant's] brother looked like." Referring to the timeline of L.S.'s testimony, the trial court stated "everything fits." The trial court stated L.S. gave "sensory details" and "even described that [appellant] had blue boxers. The trial court noted that "I've not heard anybody say that [appellant did not] were blue boxers, that [appellant] wear[s] briefs and never wore boxers." The trial court concluded: "I'm not going to find you guilty right now because I don't know what I'm going to do about punishment, but I do believe the State has proven your guilt beyond a reasonable doubt." Following a hearing on punishment, the trial court found appellant guilty and sentenced him to ten years' confinement and a $3000 fine.

Appellant filed a motion for new trial in which he asserted generally that the "verdict is contrary to the law and evidence. In an amended motion for new trial, appellant asserted his trial counsel was ineffective in failing to investigate or present appellant's alibi defense, advising appellant to waive a jury trial, coercing appellant into entering a plea of no contest, and failing to "bring up certain exculpatory evidence." At a hearing on the motion, appellant's wife, Diana Medrano, testified she gave trial counsel pictures of appellant's brother, who "looks substantially similar" to appellant, but trial counsel did not enter the pictures into evidence.[1] Medrano testified appellant did not start wearing boxers until 2011 or 2012 and wore briefs in 2009 at the

---

[1] The State introduced into evidence mugshot profiles of appellant and his brother showing that appellant's brother was three inches taller, fifty pounds heavier, and had a beard, whereas appellant was clean-shaven.

–3–

time of the alleged assault.  Trial counsel did not testify at the hearing.  The trial court denied appellant's motion for new trial, and this appeal followed.

In a single issue, appellant argues the trial court erred in denying his motion for new trial because he received ineffective assistance of counsel.  The two-pronged *Strickland v. Washington* test applies to challenges to guilty and nolo contendere pleas.  *See Hill v. Lockhart*, 474 U.S. 52, 58, (1985); *Gomez v. State*, 399 S.W.3d 604, 605-06 (Tex. App.—Dallas 2013, pet. ref'd).  To be entitled to a new trial based on an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence that counsel's performance was deficient and that the deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009); *Gomez*, 399 S.W.3d at 605.  The first prong requires the defendant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.  *Strickland*, 466 U.S. at 687-88; *Lane*, 303 S.W.3d at 707; *Gomez*, 399 S.W.3d at 605-06.  The second prong requires the defendant to show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 687, 694; *Lane*, 303 S.W.3d at 707; *Gomez*, 399 S.W.3d at 606.  In the context of a guilty or nolo contendere plea, a defendant satisfies the second prong of the test by showing that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *See Hill*, 474 U.S. at 59; *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009); *Gomez*, 399 S.W.3d at 606.

Appellant's complaints of ineffective assistance are based on counsel's alleged ineffectiveness at the "guilt/innocence" phase of the proceeding.  In particular, appellant alleges counsel was ineffective in failing to establish appellant's brother was more likely the perpetrator of the assault and appellant did not wear boxer shorts.  Appellant argues "any evidence impeaching [L.S.'s] credibility potentially raised a reasonable doubt."  Appellant further argues

that, but for trial counsel's errors, he would have received a lesser sentence than the ten-year sentence he received. Although this argument purports to address counsel's ineffectiveness at the "sentencing" phase of the proceeding, appellant cites nothing in support of this argument. Instead, appellant's complaints focus solely on counsel's ineffectiveness in failing to raise a reasonable doubt by offering impeachment evidence concerning appellant's brother's appearance and the boxer shorts.

Before addressing the merits of appellant's complaints, it is important to understand the procedural posture of this case. Appellant presents his complaint as though he pleaded not guilty to the offense. However, appellant pleaded nolo contendere to the allegations in the indictment. A plea of nolo contendere has the same legal effect as a guilty plea for purposes of the criminal prosecution. TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006). When a defendant waives a jury trial and enters a no contest plea on a non-capital offense, the proper procedure is to conduct a unitary trial. *Saldana v. State*, 150 S.W.3d 486, 489 (Tex. App.—Austin 2004, no pet.) (citing *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001)); *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd). In a unitary trial, there is no "bifurcation" (where the guilt/innocence and punishment stages are conducted separately), even when the trial court employs procedures characteristic of bifurcation. *Saldana*, 150 S.W.3d at 489. Rather, such a procedure remains a unitary trial "punctuated by a recess in the middle." *Id.*

Appellant's complaints are all connected to the trial court's finding of guilt. Appellant does nothing to link the alleged ineffectiveness to either his nolo contendere plea or to the sentence assessed, other than his bare assertion that he would have received a lesser sentence. We recognize that in the trial proceedings, although appellant pleaded nolo contendere, the parties treated this case in some respects as a "not guilty" plea, and it is clear appellant was contesting his guilt. Trial counsel's use of this procedure could reasonably interpreted as

counsel's trial strategy to avoid provisions of the code of criminal procedure prohibiting a trial court from placing a defendant on probation for indecency with a child unless he pleads guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3g(a)(1), 5(a) (West 2006). Despite appellant's nolo contendere plea, appellant was given many of the benefits of a "not guilty" plea. For example, the trial court permitted appellant to contest his guilt and stated it was holding the State to the constitutional "beyond a reasonable doubt" burden of proof. On appeal, appellant now seeks to avoid the effect of his plea and seeks review as if he had pleaded not guilty. However, appellant does not assert his plea was not voluntary, that the trial court should have sua sponte withdrawn the plea, or that trial counsel should have sought to withdraw the plea. Because appellant does not link his trial counsel's ineffectiveness either to his no contest plea or to his sentence, he has made no showing that but for trial counsel's alleged ineffectiveness, the result of the proceeding would have been different. We overrule appellant's sole point of error.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150406F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LEONEL MORENO, Appellant

No. 05-15-00406-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F0912595-P.
Opinion delivered by Justice Bridges. Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 28, 2016.