**AFFIRMED as MODIFIED and Opinion Filed December 19, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00476-CR**

**JIMMY JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1615371-R**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Jimmy Jones appeals the trial court's order deferring his adjudication on a charge of aggravated sexual assault of a child younger than fourteen. After Jones' bench trial on a plea of no contest, the trial court deferred adjudication of his guilt and placed him on deferred adjudication community supervision for ten years. In five issues in his original brief, Jones argues:

1. The evidence was insufficient to prove that Appellant sexually abused complainant.

2. The evidence was insufficient to support Appellant's plea of "no contest" admitting that he sexually abused complainant.

3. The trial court violated Appellant's right to due process and statutory rights by placing the burden on Appellant to disprove the offense by establishing that complainant had a motive for falsity.

4. The trial court violated Appellant's statutory and due process rights to enter a voluntary plea by accepting Appellant's "no contest" plea when the trial court misinformed Appellant he was not eligible for probation from a jury, misinformed Appellant that his plea of no contest was not an admission and failed to explain that an admission would be required on probation.

5. The trial court violated Appellant's statutory and due process rights voluntarily waive his right to a jury trial by accepting Appellant's waiver when the trial court misinformed Appellant he was not eligible for probation from a jury, misinformed Appellant that his plea of no contest was not an admission and failed to explain that an admission would be required on probation.

Jones' supplemental brief raises three issues:

1. The trial court lacked jurisdiction due to the absence of impracticability findings in the juvenile court certification order.

2. If there was a waiver of the jurisdictional claim Appellant is entitled to relief based on his right to have the effective assistance of counsel.

3. Trial counsel's failure to inform Appellant about the lack of jurisdiction combined with the mistaken and incomplete information from the trial court to render Appellant's no contest plea and jury waiver involuntary.

In a single cross-issue, the State argues the order of deferred adjudication should be modified to omit the references to a plea bargain. As modified, we affirm the trial court's judgment.

**BACKGROUND**

–2–

The record shows that the complainant, A.R., was born in May 1997. A.R.'s mother testified that Jones is Mother's cousin and is "eight or nine years" older than A.R. Jones sometimes looked after A.R. In 2014, when A.R. was seventeen years old, A.R. told Mother that Jones had molested him. On April 1, 2014, A.R. gave a forensic interview at the Irving Family Advocacy Center. A.R. was sixteen years old at the time of the forensic interview.

Jones was sixteen years old on June 16, 2006, the date of the alleged assault.[1] Therefore, the State filed in juvenile court a petition for discretionary transfer pursuant to section 54.02(j) on April 13, 2016. The petition alleged that there was probable cause to believe Jones committed the charged offense and that, because of the seriousness of the offense, the welfare of the community required that the juvenile court waive jurisdiction and have Jones transferred to a Criminal District Court. The petition further alleged, among other things, that for a reason beyond the control of the State it was not practicable to proceed in juvenile court before Jones' eighteenth birthday and/or after exercising due diligence, it was not practicable to proceed before Jones' eighteenth birthday because Jones could not be found and/or the State did not have probable cause to proceed in juvenile court and new evidence had been found since Jones' eighteenth birthday. The petition requested that the

---

[1] Jones was originally charged with two felony offenses of aggravated sexual assault of a child. After trial and imposition of deferred adjudication in this cause, the State moved to dismiss, and the court dismissed F16-15370 on March 13, 2020. The dismissed cause is not before us; therefore, we proceed solely on this cause.

juvenile court find probable cause that Jones committed the alleged offense and order that Jones be transferred to the proper Criminal District Court for criminal proceedings.

In June 2016, Jones entered a written stipulation of evidence stipulating, in pertinent part, that (1) Jones was sixteen years old at the time of the alleged offense and twenty-six years old at the present time; (2) no adjudication hearing had been conducted concerning the alleged acts; and (3) Jones and his attorney waived a discretionary transfer hearing and agreed to the existence of the elements and consideration in favor of transfer to criminal court for prosecution of Jones as an adult for the offense alleged in the petition for discretionary transfer.

On June 28, 2016, the juvenile court conducted a hearing on the State's petition for discretionary transfer. Jones and his attorney were present at the hearing. Among other things, the court read the charges against Jones and advised him of his right to remain silent and call witnesses to testify on his behalf. Jones stated he did not have any questions regarding the proceedings; he intended to waive the hearing and presentment of the State's evidence and waive calling witnesses on his behalf; he understood that, by waiving this hearing, the court would transfer his case to an adult criminal district court; and he wished to proceed. That same day, the juvenile

court signed an order waiving jurisdiction and transferring the case to Criminal District Court.[2]

In December 2016, Jones was charged by indictment with the offense of aggravated sexual assault of a child, A.R., younger than fourteen years old. The indictment stated Jones' birthdate was in August 1989 and alleged that, on or about June 16, 2006, Jones caused the contact and penetration of A.R.'s anus with Jones' sexual organ. Thus, Jones was sixteen years old at the time of the assault and twenty-six years old at the time he was indicted.

At a trial before the court on November 26, 2019, Jones waived a jury and entered a plea of no contest. That same day, Jones and his defense counsel signed a written jury waiver, and the trial court signed the waiver and approved it. The trial court admonished Jones as follows:

> I want you to know that when you plead No Contest I do not believe that's an admission of guilt. As far as I'm concerned when you say No Contest you're saying Not Guilty and the State has to prove your case beyond a reasonable doubt. If they can't I find you not guilty. If they can I have an option that a jury would not have. I could defer a finding of guilt and place you on probation for up to 10 years or I could find you guilty and send you to prison.

At the trial that followed, A.R. testified that, on an occasion when he was seven years old and Jones was watching A.R. at A.R.'s house while Mother was at work, A.R. and Jones were on top of A.R.'s bed, A.R. was lying on his stomach, and

---

[2] The juvenile court found that Jones was of sufficient sophistication and maturity to be tried as an adult and aid an attorney in his defense. Jones and his attorney also stipulated to these factual findings.

Jones' "penis was between like [A.R.'s] scrotum and like [his] thighs, from the back." A.R. testified Jones' penis touched his "butt" and touched "on or around the area where [A,R.'s] anus is." A.R. testified he did not think Jones put his penis in A.R.'s "butt."

Jones moved for a directed verdict on the ground the State failed to prove, as charged in the indictment, "contact and penetration" of A.R.'s anus by Jones' penis. The trial court agreed that there was "no evidence of penetration." The State responded that

> we can do "and" during the indictment portion, but during the charging portion at trial it's "or," so penetrate or contact, it's how it would be created in a jury charge. So the jury or the judge can consider either one.

The trial court agreed with the State and denied Jones' motion for directed verdict. Following closing arguments, the trial court stated that A.R. said there was contact between Jones' penis and A.R.'s anus, and the trial court found this testimony "credible." At the sentencing hearing on March 9, 2020, the trial court placed Jones on deferred adjudication community supervision for ten years, with an Order of Deferred Adjudication filed among the papers of the court. This appeal followed.

## ANALYSIS

### A.  Original Brief:  Issues 1 and 2 - Insufficient Evidence

In his first and second issues in his original brief, Jones argues the evidence was insufficient to prove he sexually abused A.R. and to support his plea of no contest admitting he sexually abused A.R. [3]

A plea of nolo contendere has the same legal effect as a guilty plea for purposes of the criminal prosecution. TEX. CODE CRIM. PROC. ANN. art. 27.02(5); *Gomez v. State*, 399 S.W.3d 604, 606 (Tex. App.—Dallas 2013, pet. ref'd). When a defendant waives a jury trial and enters a no contest plea on a non-capital offense, the proper procedure is to conduct a unitary trial. *Gomez*, 399 S.W.3d at 606. In a unitary trial, there is no "bifurcation" (where the guilt/innocence and punishment stages are conducted separately), even when the trial court employs procedures characteristic of bifurcation. *Id.* Rather, such a procedure remains a unitary trial "punctuated by a recess in the middle." *Id.* The evidence is admitted at the unitary proceeding both to substantiate the defendant's plea and to allow the trial court to determine an appropriate sentence. *Flores-Alonzo v. State*, 460 S.W.3d 197, 203 (Tex. App.—Texarkana 2015, no pet.).

The entry of a valid guilty plea has the effect of admitting all material facts alleged in the formal criminal charge. *Id.* With one exception not applicable here, a plea of nolo contendere or "no contest" has the same legal effect as a guilty plea. *Id.* Nevertheless, article 1.15 of the Texas Code of Criminal Procedure permits the

---

[3] We note that the record is devoid of any evidence that the court treated the no contest plea as an admission of sexual abuse, and Jones has identified none.

court to render a conviction only after the admission of sufficient evidence establishing a defendant's guilt, even if he has entered a plea of guilty or no contest. TEX. CODE CRIM. PROC. ANN. art. 1.15; *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). However, when a defendant waives his right to a jury trial and enters a plea of guilty or no contest, the State is not required to prove the defendant's guilt beyond a reasonable doubt. *Flores-Alonzo*, 460 S.W.3d at 203. Rather, article 1.15 only requires substantiation of the plea. *Id.* By its plain terms, it requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt. *Id.* We are therefore required to determine whether the evidence embraces each essential element of the offense charged. *Id.* If the State fails to introduce sufficient evidence under Article 1.15's standard, the trial court is not authorized to convict. *Id.* A conviction rendered without sufficient evidence to support the no contest or guilty plea constitutes non-constitutional trial error. *Id.*

As in *Gomez*, we recognize that in the trial proceedings here, although appellant pleaded nolo contendere, the parties treated this case in some respects as a "not guilty" plea, and it is clear appellant was contesting his guilt. *See Gomez*, 399 S.W.3d at 606. Despite appellant's nolo contendere plea, appellant was given many of the benefits of a "not guilty" plea. *See id.* For example, the trial court permitted appellant to contest his guilt and stated it was holding the State to the constitutional "beyond a reasonable doubt" burden of proof. *See id.* On appeal, appellant now seeks to avoid the effect of his plea and seeks review as if he had pleaded not guilty.

*See id.* Although it does not bind the State to a higher burden of proof on appeal, the trial court essentially required the State to present more evidence than was legally required to satisfy it that Jones was, in fact, guilty. *See Flores-Alonzo*, 460 S.W.3d at 202 n.2. Because Jones entered a no-contest plea, "[t]he State ... [was] not required to prove the defendant's guilt beyond a reasonable doubt; the supporting evidence must simply embrace every essential element of the charged offense." *Id.* (quoting *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.)).

The indictment alleged Jones intentionally and knowingly caused the contact and penetration of the anus of A.R., a child younger than fourteen. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(1)(B)(iv), (a)(2)(B). A.R. testified that, when A.R. was seven, Jones got on top of him, and Jones' penis touched his "butt" and touched "on or around the area where [A,R.'s] anus is." The trial court found "credible" A.R.'s statement that there was contact between Jones' penis and A.R.'s anus. A conviction under section 22.021 is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim was seventeen years of age or younger. TEX. CODE CRIM. PROC. ANN. art. 38.07. We conclude A.R.'s testimony embraced each essential element of the charged offense of aggravated sexual assault of a child. *See Flores-Alonzo*, 460 S.W.3d at 203. This evidence was sufficient to prove Jones sexually abused A.R. and to support Jones' plea of no contest. *See id.* We overrule Jones' first and second issues in his original brief.

## B.  Original Brief:  Issue 3: Improper Burden on Motive

In his third issue in his original brief, Jones argues the "trial court violated [his] right to due process and statutory rights by placing the burden on [him] to disprove the offense by establishing that complainant had a motive for falsity."

The trial court, sitting without a jury, is presumed to have used the correct standard of proof absent a showing to the contrary. *Freeman v. State*, 525 S.W.3d 755, 757–58 (Tex. App.—Austin 2017, pet. ref'd) (quoting *In re D.E.W.*, 654 S.W.2d 33, 36 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.))  The burden is on appellant to show that the proper standard was not applied. *Id.*

Jones' argument at trial was that A.R. got caught with pornographic images of himself and, when confronted by his mother, A.R. decided "the easiest explanation was to say my cousin, who comes from a homosexual household performed something homosexually on him."  After the parties' closing arguments, the trial judge stated the following:

> Mr. Jones, your lawyer makes some good arguments and she's absolutely right. A lot of these cases boil down to he said/ she said or he said/he said.
>
> I watched the complainant when he testified.  He appeared troubled at times.  He very easily could have said, "Yes, I was penetrated," but he didn't.  He said that –- But he did say that he felt you thrusting between his legs and it felt like penetration but it wasn't penetration.  Now, he might have thought it was penetration at the time and as he got older maybe he realized it wasn't, but either way he did say that there was contact between his penis –- excuse me –- your penis and his anus.
>
> [Jones' counsel] is right.  She does not have to prove a motive, but I always look for a motive or lack of a motive.  And I cannot find any

–10–

motive for him to lie. This is not an accidental disclosure, but the disclosure was not made to get you in trouble. It wasn't made to get him out of trouble. It was made for him to try to explain to himself as well as his mother why maybe his actions were not what she considered normal.

I believe he was credible. And I believe based on the credible evidence it did happen and I'm going to find that the evidence proves your guilt. I'm not finding you guilty, Jimmy. I don't know what I'm gonna do.

I'm gonna continue you on bond right now. I want a Pre- Sentence Report. I want to find out a little bit more about you and then I'll make a decision. But at this point in time you are free to leave the courthouse. You will have to come back for a Pre-Sentence Report with the probation department.

Jones argues these statements show the trial court placed the burden on him to "disprove the complainant had a motive for falsity." We disagree. This record reflects that, the trial court was merely commenting on the due consideration given to the theory argued by Jones' counsel and the trial court's conclusion that the complainant was "credible." Nothing in the trial court's comments indicates that any additional burden of proof was placed on Jones or that the trial court did anything more than consider the evidence presented by both sides. Under these circumstances, we conclude Jones has not met his burden to show that the proper standard of proof was not applied. *See Freeman*, 525 S.W.3d at 757–58. We overrule Jones' third issue in his original brief.

**C. Original Brief: Issues 4 and 5 – Violation of Right to a Jury Trial**

In his fourth and fifth issues in his original brief, which he argues together, Jones complains that the trial court violated his statutory and due process rights to

enter a voluntary plea and voluntarily waive his right to a jury trial when the trial court (1) misinformed Jones that he was not eligible for probation from a jury, (2) misinformed Jones that his plea of no contest was not an admission, and (3) failed to explain that an admission would be required on probation.

A guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id.* An accused who attests that he understands the nature of his guilty plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary. *Jones v. State*, 600 S.W.3d 94, 99 (Tex. App.—Dallas 2020, pet. ref'd).

A trial court is not required to admonish the defendant that a plea of no contest has the same legal effect as a plea of guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (identifying admonishments that must be given to defendants pleading nolo contendere); *Flores-Alonzo*, 460 S.W.3d at 201. Article 26.13 also does not require that a defendant pleading nolo contendere be admonished that an admission of guilt would be required while on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13. Substantial compliance by the court is sufficient to satisfy the statute, unless the defendant affirmatively shows he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment the

court gave. *Id.* art. 26.13(c); *Luckett v. State*, 394 S.W.3d 577, 580 (Tex. App.—Dallas 2012, no pet.).

While the State concedes the trial court inaccurately stated that Jones was not eligible to receive community supervision from a jury, the record reflects that the judge advised that

> If those 12 people find you guilty you can either have them set punishment or you can have the judge set punishment but you would not be eligible for probation. The law says that if you're found guilty of this type of case you cannot get probation.

Appellant did not object to the trial court's admonishment. The record shows that, immediately after the trial court admonished Jones, the trial court asked Jones, "I have been told that you do not want to have a jury trial; is that correct?" Jones answered, "Yes, sir." The trial court asked, "I understand that you're willing to waive or give up your right to a jury trial and have me hear the evidence to determine your guilt or innocence; is that true?" Again, Jones answered, "Yes, sir." The voluntary waiver was memorialized in writing, signed by Jones, his defense counsel, the district attorney and approved by the trial court upon finding the waiver was made in person and in open court.

A defendant has an absolute right to a jury trial. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). As a matter of federal constitutional law, the State must establish, on the record, a defendant's express, knowing, and intelligent waiver of jury trial. *Id.*; *see also Rios v State*, 2022 WL 17481021 (Tex. Crim. App.

–13–

December 7, 2022)(defendant did not knowingly and intelligently waive his right to a jury trial and as a matter of first impression a violation of the right to a jury trial is structural error).[4]

On this record, we conclude Jones has not met the heavy burden on appeal to show that his plea was involuntary. *See Jones*, 600 S.W.3d at 99. The record reflects a written waiver as well as one made in open court. Jones has failed to affirmatively show he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment the court gave. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c); *Luckett*, 394 S.W.3d at 580. Finally, consistent with the admonishment, the record reflects that, at the time of sentencing, although the court found the evidence proved guilt, instead of finding Jones guilty, the court deferred the adjudication of guilt and placed him on deferred adjudication probation.[5] We overrule Jones' fourth and fifth issues in his original brief.

## D. Supplemental Brief – Issue 1 – Juvenile Transfer Jurisdictional Issue

In Jones' first issue in his supplemental brief, he argues the failure of the juvenile court to comply with the provisions of the transfer statute deprived the juvenile court of its authority to transfer the case and, as a result, the district court

---

[4] Critically distinguishable from the facts before us, in *Rios,* the defendant pled not guilty, never signed a written waiver, was not admonished about his right to a jury trial and the right was never discussed in open court. *Id*.

[5] At the March sentencing hearing, the court, referencing the November trial, reiterated that appellant entered a plea of no contest, waived his right to a jury, and "did not admit guilt whosoever [sic]."

never acquired jurisdiction. Specifically, Jones complains that the juvenile certification order did not find it was impracticable to bring proceedings in juvenile court before his eighteenth birthday.[6] However, the requirement of case-specific fact-findings to support the transfer order are not required by the text of the statute or constitutional precedent. *Ex parte Thomas*, 623 S.W.3d 370, 381 (Tex. Crim. App. 2021) (overruling *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014)). It is the hearing itself that prevents the transfer process from being arbitrary; the case-specific fact-findings are not necessary to protect a fundamental constitutional right. *Id.* Thus, we conclude the absence of a finding of impracticability was not required and did not deprive the juvenile court of its authority to transfer the case or prevent the district from acquiring jurisdiction. *See id.* We overrule Jones' first issue in his supplemental brief.

E. **Supplemental Brief: Issue 2: Ineffective Assistance of Counsel**

In his second issue in his supplemental brief, Jones asserts that, if there was waiver of the jurisdictional claim raised in his first issue, then he received ineffective assistance of counsel. As a threshold matter, "a reviewing court on direct appeal will rarely be able to fairly evaluate the merits of an ineffective-assistance claim because the record on direct appeal is usually undeveloped and inadequately

---

[6] The undisputed and stipulated record reflects that Jones was 16 at the time of the alleged offense and 26 at the time of the hearing to transfer based upon the complaining witness' outcry to his mother not made until well after Jones' eighteenth birthday.

reflective of the reasons for defense counsel's actions at trial." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). However, because we find no waiver related to Jones' jurisdictional claim, we need not further address his second issue in his supplemental brief.

### F. Supplemental Brief: Issue 3: Revisit Voluntariness of No Contest Plea and Jury Waiver

In his third issue in his supplemental brief, Jones argues that trial counsel's failure to inform him about the "lack of jurisdiction" combined with the "mistaken and incomplete information from the trial court" render his no contest plea and jury waiver involuntary. In making this argument, Jones revisits his arguments raised in his fourth and fifth issues in his original brief and "now asks this Court to consider the impact of counsel's failure to request the dismissal of the indictment on the voluntariness of [Jones'] waivers in combination with the mistaken and incomplete information as provided by the trial court." Specifically, Jones complains that "[f]ailure by counsel to adequately explain [Jones'] right to challenge jurisdiction was thus an additional factor that rendered [Jones'] decisions involuntary regarding waivers of his rights and his plea." We have already addressed and rejected Jones' arguments raised in his fourth and fifth issues in his original brief, and we have discussed the reasons a finding of impracticability in the transfer order was not required. To the extent Jones endeavors to also challenge the ineffective assistance of counsel, the record before us on direct appeal is undeveloped to fairly evaluate

the merits of any alleged claim. *See Mata*, 226 S.W.3d at 430. Further, because Jones' challenges all fail, we find no errors or failures on the part of counsel to address in the context of an ineffective assistance of counsel claim on direct appeal. *Id.* We overrule Jones' third issue in his supplemental brief.

## G. State's Cross Point

In a single cross-point, the State requests that the order of deferred adjudication community supervision be modified to omit the reference to a plea bargain in the section entitled "Terms of Plea Bargain." This Court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Jones declined the State's plea bargain offer and instead entered a plea of no contest. Accordingly, we delete the phrase "10 YEARS DEFERRED PROBATION" from the section entitled "Terms of Plea Bargain" and substitute "N/A" in that section in the order of deferred adjudication community supervision. We sustain the State's cross-point.

As modified, we affirm the trial court's judgment.

/Bonnie Lee Goldstein/
_____
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

200476F.U05

–17–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JIMMY JONES, Appellant

No. 05-20-00476-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1615371-R. Opinion delivered by Justice Goldstein. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

in the order of deferred adjudication community supervision, the phrase "10 YEARS DEFERRED PROBATION" is deleted from the section entitled "Terms of Plea Bargain" and "N/A" is substituted in that section.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered December 19, 2022